IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DOWNING WELLHEAD EQUIPMENT, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No CIV-24-157-RAW-SPS |
| ) | |
| **TRINITY OPERATING (USG), LLC,** ) | |
| ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

Before the Court is Defendant Trinity Operating (USG), LLC's ("Trinity"), Motion to Transfer or Dismiss (Doc. 8), Plaintiff Downing Wellhead Equipment, LLC's ("Downing") Response (Doc. 27), and Trinity's Reply. (Doc. 28). Trinity moves to transfer this case pursuant to 28 U.S.C. §1404(a), to the United States District Court for the Southern District of Texas based on the parties' agreed contractual forum selection clause. In the alternative, Trinity moves to dismiss this case in its entirety pursuant to the same forum selection clause and the doctrine of *forum non conveniens*. For the reasons stated below, the undersigned Magistrate Judge recommends Trinity's Motion to Transfer or Dismiss be **GRANTED in part.**

### I. BACKGROUND

On April 5, 2024, Downing commenced this action by filing its Petition in the District Court of Coal County, Oklahoma. (Doc. 2-1, Petition). Trinity timely removed that action to this Court on May 3, 2024. (Doc. 2, Notice of Removal). Downing alleges it is a citizen of Oklahoma. (Doc. 2-1, Petition at ¶ 2). Trinity is a limited liability company, deemed for purposes of diversity jurisdiction to be a citizen of Delaware and Florida. (Doc. 2, Notice of Removal at ¶ 9). Trinity's

principal place of business is in Houston, Texas. *Id.* On August 12, 2022, the parties entered into a Master Services Agreement ("MSA"). (Doc. 2-1, Petition at ¶ 5). The MSA governs all goods, supplies, materials, machinery, equipment, labor, and services provided by Downing to Trinity. *Id.* Downing alleges that Trinity has breached the MSA by failing to pay for equipment and services Downing provided to Trinity pursuant to the MSA. (Doc. 2-1, Petition at ¶¶ 5-7). The MSA contains a forum selection clause that provides, in relevant part:

> 16. Applicable Law; Venue; WAIVER OF JURY TRIAL
>
> A. The validity, interpretation and performance of this Contract will be governed and construed in accordance with the Laws of the state where the Work Site is located as referenced in the applicable Purchase Order or Work Order without reference to the choice of law doctrine in such state.
> B. In the event of litigation arising out of this Contract, the parties agree that the venue for such litigations **shall be the U.S. District Court for the Southern District of Texas**; provided that, if for any reason the federal courts for the Southern District of Texas will not or cannot hear such action or proceeding, the venue for such litigation **shall be the courts of the State of Texas located in Houston, Texas**. The parties **irrevocably waive** any objection, which any of them may now or hereafter have to the bringing of any such action or proceeding in such respective jurisdictions, including any objection to the laying of venue based on the grounds of forum non conveniens and any objection based on the grounds of lack of in personam jurisdiction.

(Doc. 8, Exh. 1)(emphasis added).

## II. STANDARD 28 U.S.C. § 1404(a)

The inclusion of a forum selection clause is an important factor when a district court considers the proper forum. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas,* 571 U.S. 49, 58 (2013). Such clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N'*

*More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992), *quoting M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972). The correct procedure to enforce a forum selection clause is a motion to dismiss on *forum non conveniens* grounds or a motion to transfer under 28 U.S.C. § 1404(a). *Id.* Which motion is appropriate depends on whether the forum selection clause references a federal, state, or foreign forum. *Id.* at 59-60.

"Title 28 of the United States Code, section 1404(a) 'provides a mechanism for enforcement of forum selection clauses that point to a particular federal district court.'" *Bulldog Well Testing, LLC v. Eldorado Energy Rentals, LLC,* No. CIV-16-004-RAW, 2016 WL 9558950, at * 1 (Mar. 7, 2016) (*quoting Atlantic Marine, supra*). But if the forum selection clause points to a state or foreign forum, the court considers the matter under the doctrine of *forum non conveniens*. Dismissal for *forum non conveniens* is proper when "an adequate alternative forum exists in a different judicial system and there is no mechanism by which the case may be transferred." *Kelvion, Inc. v. PetroChina Canada, Ltd.,* 918 F.3d 1088, 1091 (10th Cir. 2019).

"The United States Supreme Court has set out the standards governing a district court's consideration of a § 1404(a) motion to transfer pursuant to a forum selection clause:

> When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in the clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied. In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public interest considerations. The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of

3

>justice," a valid forum-selection clause should be given controlling weight in all but the most exceptional cases."

*Parkinson v. Boston Scientific Corp.,* 2018 WL 4328260, at *1 (N.D. Okla. July 31, 2018) (*quoting Atlantic Marine*, 571 U.S. at 62-63).

"When a defendant moves for a venue transfer under § 1404(a) based on a forum selection clause: (1) 'the plaintiff bears the burden of establishing that transfer to the forum for which the partis bargained is unwarranted,' (2) private factors 'weigh entirely in favor of the preselected forum,' and (3) the choice-of-law rules of the preselected forum control." *Bulldog,* 2016 WL 9558950, at *2 (*citing Atlantic Marine, supra*).

If the forum selection clause points to a state forum, the court considers the matter under the doctrine of *forum non conveniens. Kelvion, supra.* However, whether analyzed as a § 1404(a) motion to transfer or a motion to dismiss on *forum non conveniens* grounds, the analysis is the same because § 1404(a) "is merely a codification of the doctrine of *forum non conveniens.*" *Atlantic Marine,* 571 U.S. at 60. Deference is given to the contracted forum of choice, and the plaintiff bears the burden of demonstrating why a transfer should not be granted. *Id.* at 64.

### III. ANALYSIS

In the instant case, the governing provision in Paragraph 16(b) of the MSA states that "[i]n the event of litigation arising out of this Contract," the parties agree that the venue for such litigation "shall be the U.S. District Court for the Southern District of Texas." However, "if, for any reason the federal courts for the Southern District of Texas will not or cannot hear such action or proceeding," then "the venue for such litigation shall be the courts of the State of Texas located in Houston, Texas." *Id.* Moreover, "[t]he parties irrevocably waive any objection" "to the laying of venue based on the grounds of forum non conveniens and any objection based on the grounds of lack of in personam jurisdiction." *Id.* The words "irrevocably waive," when coupled with the

parties' broad consent that venue for litigation "arising out of" the MSA "shall be" in Texas, demonstrates the parties intended that venue in this case would lie exclusively in either the Southern District of Texas or the state court in Houston, Texas. *See, e.g., Milk 'N' More,* 963 F.2d at 1346 ("the use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made.").

Downing argues that because one of its claims involves foreclosure of an oil and gas lien on mineral properties located in Oklahoma, Texas courts would not have jurisdiction or venue as to the foreclosure claim. However, Oklahoma's statute on enforcement of oil and gas liens, Okla. Stat. tit. 42, § 147, states that such liens are to be enforced in the same manner as mechanic's or materialman's liens. ("The liens created by Sections 144 and 145 of this title shall be enforced pursuant to the provisions of Sections 171 through 178 of this title."). Okla. Stat. tit. 42, § 172, in turn, states that:

> Any lien provided for by this chapter *may* be enforced by civil action in the district court of the county in which the land is situated, and such action shall be brought within one (1) year from the time of the filing of said lien with the county clerk.

(Emphasis added). Similarly, Okla. Stat. tit. 42, § 177, states that:

> If any lien shall be filed under the provisions of this chapter, and no action to foreclose such lien shall have been commenced, the owner of the land *may* file his petition in the district court of the county in which said land is situated, making said lien claimants defendants therein, and praying for an adjudication of said lien so claimed, and if such lien claimant shall fail to establish his lien, the court may tax against said claimant the whole, or such portion of the costs of such action as may be just.

(Emphasis added). Therefore, filing a lien foreclosure action in the county in which the property at issue is located is not mandatory under Oklahoma statute. *See OKCDT Enter., LLC v. CR Crawford Const.*, 2019 WL 1320063 (W.D. Okla. March 22, 2019) (noting that Oklahoma's

5

statute, Okla. Stat. tit. 42, § 177, regarding the enforcement of liens against real property interests uses permissive venue language).

Accordingly, the forum selection clause here is valid and there is no public interest or public policy requiring non-enforcement of the clause. *See Parkinson,* 2018 WL 4328260, at * 3 (public interest factors "'will rarely defeat a transfer motion'"). As reflected in the Petition, Downing's claims "aris[e] out of" the MSA. *See, e.g.,* Petition at ¶ 5 ("Trinity and Downing entered into a Master Services Agreement … whereby Downing agreed to provide Trinity certain pressure control equipment and related services"); Petition at ¶ 6 ("Downing provided equipment and services to the Wells as requested by Trinity pursuant to and in accordance with the MSA."); Petition at ¶ 7 ("Trinity failed to pay the full amount due for the equipment and services provided by Downing to Trinity and Trinity is in default upon its obligations under the MSA").

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends Trinity's Motion to Transfer or Dismiss (Doc. 8) be granted in part, and this case be transferred to the United States District Court for the Southern District of Texas. The undersigned further recommends Trinity's Motion to Dismiss (Doc. 8) be denied. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED this 3rd day of September, 2024.**

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**